FILED & ENTERED

JAN 31 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>C & M RUSSELL, LLC.<br>            Debtor. | Case No. 2:11-bk-53845-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01577-RK |
| MATTIE BELINDA EVANS, an individual, Chief Executive Manager as Real Party in Interest for C & M RUSSELL, LLC, and Trustee of Mattie B. Evans Family Trust,<br><br>            Plaintiff,<br><br>            vs.<br><br>ALAN G. TIPPIE, an individual, attorney for SULMEYERKUPETZ, a professional corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on January 31, 2017 on the motion of Plaintiff Mattie Belinda

1  Evans for remand of the state court action for attorney malpractice and other claims
2  against Defendants Alan G. Tippie, and SulmeyerKupetz, APC, removed to this court by
3  Defendants.  Plaintiff who is self-represented appeared for herself.  David J. Richardson,
4  of the law firm of SulmeyerKupetz, APC, appeared for Defendants.  At the conclusion of
5  the hearing on January 31, 2017, the court set a further hearing on the matter for
6  February 21, 2017 at 3:00 p.m.
7         On December 28, 2016, Defendants commenced this adversary proceeding by
8  filing their notice of removal of the state court action brought by Plaintiff against
9  Defendants, *Mattie Belinda Evans v. Alan G. Tippie, et al.*, Case No. BC 642079
10 (Superior Court of California, County of Los Angeles) pursuant to 28 U.S.C. § 1452(a).
11 Electronic Case Filing No.  ("ECF") 1.   Attached as Exhibit 1 to the Notice of Removal
12 was a copy of the state court complaint containing claims for legal malpractice, intentional
13 and negligent misrepresentation, breach of the implied covenant of good faith and fair
14 dealing[ ], breach of fiduciary duty, civil conspiracy, racism, fraud and fraudulent
15 inducement, and intentional and negligent infliction of emotional distress.  *Id.*   It appears
16 that most of these claims on their face are common law claims arising under state law.
17 Plaintiff asserts her claims in her individual capacity as well as the chief executive
18 manager of C&M Russell, LLC, and Trustee of the Mattie B. Evans Family Trust.  The
19 caption of Plaintiff's state court complaint noted that a related case was the bankruptcy
20 case underlying this adversary proceeding, *In re C&M Russell, LLC,* No. 2:11-bk-53845-
21 RK.  *Id.*
22        On January 9, 2017, Plaintiff filed and served her motion to remand the removed
23 action to state court.  ECF 5. In support of her motion to remand, Plaintiff argues that the
24 case should be remanded pursuant to 28 U.S.C. § 1447(c) because federal jurisdiction is
25 lacking because her claims, particularly the attorney malpractice claim, are based on
26 state law and Defendant Tippie consented to state court jurisdiction over this case due to
27 his membership in the State Bar of California and by express agreement in the "Service
28

and Employment Agreement" executed by SulmeyerKupetz, APC, and C&M Russell, LLC, dated October 5, 2011. ECF 5 at 9.

Defendants removed the state court action to this court pursuant to 28 U.S.C. § 1452(a), which provides: "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction over such claim or cause of action under section 1334 of this title." *See also, Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. 517, 523-525 (C.D. Cal. 2011); *In re Enron Corp.,* 296 B.R. 505, 508 (C.D. Cal. 2003). "Claims related to bankruptcy cases may be removed to federal court under 28 U.S.C. § 1452." *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 523. However, there is a "[s]trong presumption against removal [which] means the removing party bears the burden of establishing federal jurisdiction and that removal was proper." *Id., citing Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

This bankruptcy court has jurisdiction in general over claims or causes of action under 11 U.S.C. § 1334 pursuant to a referral from the district court under 28 U.S.C. § 157. "Bankruptcy courts have jurisdiction over all civil proceedings arising under title 11 [of the United States Code, the Bankruptcy Code], or arising in or related to cases under title 11." *In re Enron Corp.,* 296 B.R. at 508. "With respect to 28 U.S.C. § 1334(b), the statutory grant of 'related to' jurisdiction is quite broad." *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 523. "Courts in the Ninth Circuit generally apply the 'conceivable effect' test to determine whether an action is related to bankruptcy." *Id., citing In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988). The Ninth Circuit in *In re Fietz* adopted the articulation of the "conceivable effect" test by the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 784 (3rd Cir. 1984):

3

1 | The usual articulation of the test for determining whether a civil proceeding
2 | is related to bankruptcy is whether *the outcome of the proceeding could*
3 | *conceivably have any effect on the estate being administered in*
4 | *bankruptcy.* [citations omitted].  Thus, the proceeding need not be
5 | necessarily be against the debtor or against the debtor or against the
6 | debtor's property.  An action is related to bankruptcy if the outcome could
7 | alter the debtor's rights, liabilities, options, or freedom of action (either
8 | positively or negatively) and which in any way impacts upon the handling
9 | and administration of the bankrupt estate.

*In re Fietz,* 852 F.2d at 457, *quoting Pacor, Inc. v. Higgins,* 743 F.2d at 994 (emphasis in original in *Pacor* opinion), *quoted in Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 523.  Given this broad definition of "related to" jurisdiction, the court determines that bankruptcy court jurisdiction exists because the claims in Plaintiff's state court complaint arose out of Defendants' acts in their representation of the debtor-in-possession, C&M Russell, LLC, in the underlying Chapter 11 bankruptcy case before this court, for which the court had supervisory oversight over Defendants' employment and compensation during the pendency of the bankruptcy case, and thus, the complained of acts of Defendants alleged in Plaintiff's state court complaint arose from the handling and administration of the bankrupt estate.  Thus, the court concludes that it has jurisdiction over the removed state court action under "related to" jurisdiction of 28 U.S.C. § 1334.

The court does not reach Defendants' arguments based on "arising in" or "arising under" jurisdiction because its determination of "related to" jurisdiction is sufficient to establish subject matter jurisdiction and thus, it is unnecessary to address those arguments.   ECF 12 at 4-6.

As to Plaintiff's argument about the applicability of *Gunn v. Minton,* 133 S.Ct. 1059 (2013), arguing that the Supreme Court brought "The End of Legal Malpractice Actions in

Federal Court", holding that "there was no federal subject-matter jurisdiction over a legal-malpractice dispute." ECF 5 at 5.  That is not what the Supreme Court held.  Rather, the Supreme Court held that the Texas Supreme Court erred in holding that the federal courts had exclusive jurisdiction over a legal malpractice claim arising out of a federal patent case, and further held that the claim was not subject to "exclusive" jurisdiction of the federal courts, not that the federal courts had no jurisdiction.  133 S.Ct. at 1065-1069.

Having determined that the court has jurisdiction over the matter, the court must consider in ruling upon Plaintiff's motion to remand whether it should remand the case on equitable grounds pursuant to 28 U.S.C. § 1452(b), which provides that a court to which a claim is removed pursuant to 11 U.S.C. § 1334 "may remand such claim . . . on any equitable ground."  *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 525.  "Because the 'any equitable ground' standard is not statutorily defined, case law has imported factors governing discretionary abstention to assist with the remand decision." *Id., citing In re Roman Catholic Bishop of San Diego,* 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007).  As an aside, the court does not consider mandatory or permissive abstention because the state court action has been removed to this court and there is no proceeding to abstain in favor of based on the Ninth Circuit's decision in *Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers,* 124 F.3d 999 (9th Cir. 1997).  The appropriate remedy to consider is equitable remand under 28 U.S.C. §1452(b), which employs substantially similar methods of analysis.

"Ninth Circuit courts consider up to fourteen factors in determining whether to remand a 'related to' case on equitable grounds", which factors include: "(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if

5

any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of possibility of prejudice to other parties in the action." *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 525, *citing and quoting, In re Enron Corp.,* 296 B.R. at 508 and n. 2. "Because [28 U.S.C. §] 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC,* 448 B.R. at 525, *citing, In re Roman Catholic Bishop of San Diego,* 374 B.R. at 761. Nevertheless, "[w]hile these factors assist a court's remand decision, they do not control it." *In re Roman Catholic Bishop of San Diego,* 374 B.R. at 762.

In considering these factors applicable to the circumstances of this case, the court determines as follows:

Factor (1), the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention, favors removal because the complained of acts of Defendants arose out of the administration of the bankruptcy estate through their representation of the bankruptcy estate in the bankruptcy case.

Factor (2), extent to which state law issues predominate over bankruptcy issues, is neutral and does not favor either way because while Plaintiff's claims are state law claims, the claims relate to conduct of Defendants who were bankruptcy professionals involved in the administration of the bankruptcy estate in this bankruptcy case under the supervision of the court.

Factor (3), difficult or unsettled nature of applicable law, is neutral and does not favor either way since the applicable law does not appear to be difficult or unsettled.

Factor (4), presence of related proceeding commenced in state court or other non-bankruptcy proceeding, exists and favors remand.

Factor (5), jurisdictional basis, if any, other than § 1334, exists and favors remand since the basis of jurisdiction is only "related to" jurisdiction.

Factor (6), degree of relatedness or remoteness of proceeding to main bankruptcy case, exists and favors removal since the complained of acts of Defendants in Plaintiff's claims are directly related to the administration of the bankruptcy estate in the main bankruptcy case.

Factor (7), the substance rather than the form of an asserted core proceeding, exists and favors removal, because the complained of acts of Defendants in Plaintiff's claims relate to their representation of the bankruptcy estate in the bankruptcy case, a matter concerning the administration of the estate, within the definition of a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Factor (8), the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, does not exist and favors removal since it does not appear to be feasible to sever the claims involving administration of the bankruptcy estate.

Factor (9), the burden on the bankruptcy court's docket, favors removal since the burden is somewhat minimal since Plaintiff's claims relate to the professional services of Defendants performed in the administration of the bankruptcy estate in this bankruptcy case, which was also the subject of litigation in the fee application process in this bankruptcy case.

Factor (10), the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, is neutral and does not favor either

way in that the proceeding was not commenced in the bankruptcy court, but in the state court.

Factor (11), the existence of a right to a jury trial, exists and favors remand since Plaintiff appears to have a right to a jury trial on her claims, though a jury trial could be conducted here with consent or by the district court without consent.

Factor (12), the presence in the proceeding of non-debtor parties, is neutral and does not favor either way.

Factor (13), comity, is neutral and does not favor either way in that while Plaintiff's claims are based on state law, the claims relate to conduct of Defendants during the administration of the bankruptcy estate in this bankruptcy case under the court's supervision.

Factor (14), the possibility of prejudice to other parties in the action, is neutral and does not favor either way.

The court's review of the so-called "equitable remand" factors indicates that the factors are mixed, and while the court is guided by the factors, they are not controlling.

The court bases its equitable remand determination here based on the factors that the complained of acts of Defendants alleged in Plaintiff's claims arose out of Defendant's professional services performed during the administration of the bankruptcy estate during the underlying bankruptcy case for which the court is familiar, and thus, the claims are directly related to the administration of the estate in the bankruptcy case. Thus, the burden would be greater on the state court to hear these claims rather than this court, which supervised the bankruptcy case in which the disputed professional services were performed. Moreover, the court as part of the administration of the bankruptcy estate in this bankruptcy case reviewed the fee applications of Defendants for the disputed professional services. The court would have had jurisdiction to hear claims that the bankruptcy estate would have had for legal malpractice of its professionals, including Defendants, during the pendency of the bankruptcy case. While comity might favor a

remand to the state court because state law is involved, the court determines that the effect of comity is offset by this court's interest in the supervision of matters of administration of the bankruptcy estate in cases before it, such as this one involving lawyer services rendered in a case before this court.  As to Plaintiff's right to jury trial, such right can be observed through a jury trial before this court with consent or by the district court without consent through a referral by this court.  As to Plaintiff's contractual argument that Defendants consented to state court jurisdiction in their retention agreement, the court notes that the agreement stated: "For any issue arising under our retention as your counsel in the chapter 11 case, the Bankruptcy Court will have jurisdiction."  ECF 5 at 54.  Plaintiff's claims raise issues arising out of Defendant's retention as counsel for C&M Russell, LLC, in this Chapter 11 case, and thus fall squarely within this provision for this court's jurisdiction.

      Accordingly, for the foregoing reasons, the court denies Plaintiff's motion to remand, and the further hearing on the motion to remand set for February 21, 2017 at 3:00 p.m. is vacated.

      IT IS SO ORDERED.

###

Date: January 31, 2017

_____
Robert Kwan
United States Bankruptcy Judge

9